{¶ 49} I concur in the vast majority of the majority's discussion resolving the issues in this case. Nevertheless, I must respectfully dissent from its ultimate conclusion because I disagree with the majority's resolution of the Association's third and final argument within its third assignment of error.
 {¶ 50} In the third argument within the Association's third assignment of error, the Association claims that the trial court could not have granted the motion to dismiss because the State Appellees had no statutory authority to advise the School District that it would be placed in fiscal caution if it did not submit a plan. As the Association correctly points out, the state superintendent can declare a district to be in fiscal caution only when (1) a determination has first been made that the school district is engaging in fiscal practices or that budgetary conditions exist that could result in a future declaration of fiscal watch or fiscal emergency; or (2) when conditions set forth in R.C. 3316.03(A)(4)(a) and (b) are satisfied. R.C. 3316.031(B).
 {¶ 51} The State Appellees responded by arguing that they had the authority to declare a fiscal caution if a plan was not submitted citing to R.C. 3316.031(A). This provision states:
 {¶ 52} "(A) The state superintendent of public instruction, in consultation with the auditor of state, shall develop guidelines for identifying fiscal practices and budgetary conditions that, if uncorrected, could result in a future declaration of a fiscal watch or fiscal emergency within a school district."
 {¶ 53} The State Appellees then point to these guidelines, which were attached to its motion to dismiss but were not in the scope of the pleadings, as authority to place the School District in fiscal caution. *Page 14 
 {¶ 54} As the majority concluded in paragraphs 12 and 13 of its opinion, the trial court could not consider matters outside the four corners of the complaint when ruling on the Civ.R. 12(B)(6) motion to dismiss, which leads to the conclusion that we cannot use the guidelines when deciding this issue. The State Appellees recognizes this issue and argues that we can take judicial notice of the guidelines, thereby avoiding the fact that the guidelines are not in the complaint. This is incorrect. If we took the action advocated by the State Appellees, then we would still be considering matters outside the four corners of the complaint. If the trial court chooses to convert a motion to dismiss for failure to state a claim into a motion for summary judgment, then it must provide notice that it has done so to all parties at least fourteen days before the time fixed for hearing. Petrey. Because the trial court did not provide notice to the parties, it was not allowed to convert the motion to dismiss to one for summary judgment and take into account the attached documents.
 {¶ 55} The majority concludes that it does not matter whether the trial court was allowed to take judicial notice of the guidelines which detail when a school district can be declared in fiscal watch or emergency because the state superintendent has the complete discretion to promulgate these guidelines. In other words, the majority believes that the state superintendent's discretion to promulgate the guidelines prevents courts from reviewing whether those guidelines have been applied properly. I must respectfully disagree.
 {¶ 56} By imbuing the state superintendent with the authority to create these guidelines, the legislature has created a situation akin to the creation of "House Rules" for Monopoly. The person with the authority to create "House Rules" for a game can create whatever rules she wants at the start of the game. However, once the game begins, fairness dictates that those rules must be followed for the duration of the game. This way, the players are put on notice of what is permitted and what is prohibited before they act. Any change in the rules mid-game would be unfair.
 {¶ 57} Here, the state superintendent may have been placed in charge of the "House Rules" governing fiscal caution by the legislature and we have no authority to *Page 15 
question the rules which he promulgates. However, once the state superintendent promulgates the guidelines, he must be expected to play by the rules which he has set up — and courts are the proper forum to ensure that those rules are being fairly applied.
 {¶ 58} This case is not one challenging the guidelines adopted by the state superintendent. Instead, we must consider whether the State Appellees properly applied those rules to the present fact scenario. Thus, the actual guidelines are both relevant and necessary to determine the issues raised in the Association's third argument within this third assignment of error. If the "rules" set out at the beginning of "the game" did not prohibit the behavior of the School District, the superintendent cannot change those rules "mid-game." To do so would deprive schools of both notice and due process.
 {¶ 59} In conclusion, I concur with the majority's resolution of the Association's first and second assignments of error. The School District was properly dismissed as a party to this case and this portion of the trial court's decision should be affirmed. However, it is improper to allow the trial court to dismiss the claims against the State Appellees because of the issue outlined above and that portion of the trial court's judgment should be reversed.
 {¶ 60} I recognize that this means we would be remanding the matter to the trial court so, for all practical purposes, the parties could simply present this same issue to the trial court in a subsequent motion, like a motion for summary judgment. The trial court would likely make the same ultimate conclusion that it did in this case, that the Association is not entitled to relief. However, it is important to note that this is mere supposition, not certainty. Parties should be given all of the procedural process which they are due, regardless of our suspicions about how the case will ultimately be resolved. *Page 1